UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBBIE JO CLARK,

  Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC and IH MISSISSIPPI VALLEY CREDIT UNION,

  Defendants.

                                     /

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, BOBBIE JO CLARK (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANSUNION LLC (hereinafter "TransUnion") and IH MISSISSIPPI VALLEY CREDIT UNION (hereinafter "IHMVCU") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian and TransUnion are charged with using reasonable procedures designed to ensure the maximum

7

possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like IHMVCU, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here IHMVCU. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §1331.

7. The Plaintiff is a natural person and resident of Lake County, in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Upon information and belief, Experian, is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

9. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, TransUnion is a corporation headquartered in Illinois,

7

located at 555 W. Adams Street, Chicago, IL 60661.

12. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

13. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, IHMVCU principal place of business is located at 2121 47th Street, Moline, IL 61265 and authorized to do business in the State of Florida.

**FACTUAL ALLEGATIONS**

15. Plaintiff is a natural person who is alleged to owe a debt to IHMVCU.

16. In or about 2016, Plaintiff applied for an FHA loan with Chase. Chase reached out to Plaintiff and notified her of a loan on her credit that was negatively affecting her.

17. Upon discovering the account, Plaintiff immediately called IHMVCU and notified them that this account was not hers and needs to be removed from her credit.

18. Plaintiff also called to dispute the information with the CRAs but was told the item was not showing on her credit. Plaintiff had assumed the account was removed.

19. Plaintiff was not denied the loan through Chase; she was just forced to use a different loan option (USDA rather than FHA).

20. In or about February of 2020, Plaintiff attempted to refinance her home through FBC Mortgage LLC. However, Plaintiff was told by an employee of FBC Mortgage LLC that after obtaining her credit report, she would not benefit from a refinance as her interest rates would be higher than they are now due to her current credit score and delinquency. The reporting from IHMVCU continued to appear in her credit reports despite her dispute in 2016. The negative reporting would cause her to have a higher interest rate.

7

21. Plaintiff immediately checked her credit and was able to ascertain that the IHMVCU account was inexplicably reinserted (or never removed) from her credit.

22. Plaintiff contacted the Leesburg Police Department and filed a report with them regarding the fraudulent IHMVCU account. The Leesburg Police Department provided her with Case No. 20-02-0047.

23. In or about March of 2020, Plaintiff mailed a detailed written dispute letter to Experian and TransUnion concerning the erroneous reporting of the IHMVCU account. Plaintiff provided, within the dispute letter, all the necessary information for Experian, TransUnion and IHMVCU to easily determine that the account did not belong to Plaintiff.

24. Within the dispute letter, Plaintiff included an image of the police report from Leesburg Police Department which shows the department name, the case number and the specific details regarding the fraudulent activity.

25. In the aforementioned letter, Plaintiff explained in detail why the IHMVCU account did not belong to her and requested that her dispute letter and contact information be provided to IHMVCU to correct the mistake. No one from IHMVCU attempted to contact Plaintiff when investigating the dispute.

26. The IHMVCU account was the result of negligent or willful mishandling by IHMVCU, and failure by Experian and TransUnion to investigate all the facts which the Plaintiff explained in the dispute letter.

27. Despite Experian being provided all the relevant information, on or about March 26, 2020, Experian responded to Plaintiff's dispute but did not provide any dispute results in violation of 15 U.S.C. § 1681i. Experian simply provided Plaintiff with a copy of her credit report which still included the inaccurate IHMVCU account.

28. Experian failed to independently conduct any investigation. Upon information and belief, Experian notified IHMVCU of Plaintiff's dispute of the account but clearly failed to do any

7

independent investigation.

29. Despite TransUnion being provided all the relevant information, on or about April 15, 2020, TransUnion responded to Plaintiff's dispute but did not provide any dispute results in violation of 15 U.S.C. § 1681i. TransUnion simply provided Plaintiff with sources of her personal information reflected on her TransUnion report. TransUnion failed to address Plaintiff's dispute of the account with IHMVCU. Trans Union did not provide Plaintiff's credit report.

30. TransUnion failed to independently conduct any investigation. Upon information and belief, TransUnion notified IHMVCU of Plaintiff's dispute of the account but clearly failed to do any independent investigation.

31. IHMVCU refused to acknowledge that the account did not belong to the Plaintiff and to correct the erroneous information.

32. Again, in or about April of 2020, Plaintiff mailed another detailed dispute letter to Experian and TransUnion. This second dispute letter was almost identical to Plaintiff's first dispute letter, but this one included details regarding Experian and TransUnion's failure to address Plaintiff's first dispute.

33. On or about April 25, 2020, Experian responded to Plaintiff's second dispute letter, Report Number 3202-2733-16. Experian stated that "The company [IHMVCU] that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute."

34. Experian kept the erroneous account on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and a victim of a mixed file, negligence and/or identity theft.

35. IHMVCU knew or should have known throughout the life of the loan that Plaintiff was not the actual debtor yet continued to verify to Experian.

36. Four days later, on or about April 29, 2020, Plaintiff received another dispute results

letter from Experian (Report number 3068-1696-64) stating the IHMVCU account was "removed from your credit report". It seems like finally Experian read the detailed disputes and acknowledged their mistake.

37. Experian failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has previously disputed this fraudulent account.

38. On or about April 28, 2020, TransUnion responded to Plaintiff's second dispute letter, Report Number 407705255-011. TransUnion finally stated that the account was "deleted from your credit report."

39. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit;

   ii. Loss of time attempting to cure the error;

   iii. Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life.

   iv. Denied the opportunity to refinance her home due to Defendant's incorrect reporting. Plaintiff was severally delayed on modifying her home loan because of the inaccuracies in her credit report.

40. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FCRA - As to Defendant IH Mississippi Valley Credit Union)**

41. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty (40) above as is fully stated herein.

42. IHMVCU published the IHMVCU representations to Experian and TransUnion and through Experian and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

43. IHMVCU violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly

7

investigate the Plaintiff's dispute of IHMVCU's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the IHMVCU representations to the consumer reporting agencies. Plaintiff provided all the information necessary for IHMVCU to have identified that Plaintiff never applied for this account. Since 2016, IHMVCU was aware that this was a fraudulent account yet continued to report to Experian and Trans Union.

44. IHMVCU violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and TransUnion after IHMVCU had been notified that the information was inaccurate. IHMVCU has been aware of Plaintiff's dispute for several years but continued to erroneously report.

45. IHMVCU violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and TransUnion that IHMVCU knew was inaccurate.

46. IHMVCU did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the IHMVCU representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. IHMVCU knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if IHMVCU would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

47. As a result of this conduct, action and inaction of IHMVCU, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress associated with being sued in court for this fraudulent debt; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff, when she needed it most, was denied refinancing of her home.

48. IHMVCU's conduct, action, and inaction was willful, rendering it liable for actual or

statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, IH MISSISSIPPI VALLEY CREDIT UNION, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

49. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) as if fully set out herein.

50. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing proof of a police report and several disputes, Experian refused to do any independent investigation.

51. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

52. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting. Experian failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

53. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

54. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully set out herein.

55. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.  On or about March 26, 2020, Experian responded to Plaintiff's detailed dispute but did not provide any dispute results in violation of 15 U.S.C. § 1681i.  It failed to conduct a re-investigation as mandated under the FCRA.  Experian then verified a fraudulent account to Plaintiff without conducting any independent investigation.  Experian simply send an ACDV to IHMVCU and parroted back the incorrect verification of the fraudulent account.

56. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

57. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

58. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT IV
### (Violation of the FCRA - As to Defendant TransUnion LLC)

59. The Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) as if fully set out herein.

60. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing proof of a police report and several disputes, TransUnion refused to do any independent investigation.

61. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

62. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. TransUnion failed to properly conduct any independent investigation regarding the erroneous reporting. TransUnion failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

63. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANSUNION LC, for statutory damages, punitive damages, actual

damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
### (Violation of the FCRA - As to Defendant TransUnion LLC)

64. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully set out herein.

65. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. On or about April 15, 2020, TransUnion responded to Plaintiff's dispute but did not provide any dispute results in violation of 15 U.S.C. § 1681i. TransUnion simply provided Plaintiff with sources of her personal information reflected on her TransUnion report. TransUnion failed to address Plaintiff's dispute of the account with IHMVCU. Trans Union did not provide Plaintiff's credit report.

66. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

67. TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

68. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANSUNION LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

***/s/ Octavio "Tav" Gomez***
Octavio "Tav" Gomez
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary: LDobbins@ForThePeople.com
*Attorney for Plaintiff*